PER CURIAM.
By virtue of Act 216 of 1970, the Legislature increased the number of district judges in the 19th Judicial District for East Baton Rouge Parish from seven to ten. The act designates the three new divisions as H, I, and J, and provides that they “shall be filled by appointment by the Governor until the judges of said divisions are elected as provided herein.”
The Act further provides that:
“ * * * the newly created judges for Divisions H, I, and J shall be elected at a special election to be called by the Governor to be held on the first Tuesday next following the first Monday of November, 1972.”
This suit was brought on July 21, 1970, alleging that Act 216 of 1970 contravenes the provisions of Article VII, Section 33 of the Constitution of 1921, which provides for the filling of new judgeships by special election. They ask for judgment declaring Act 216 to be unconstitutional insofar as it provides for appointment of the judges. They further pray for a writ of mandamus, ordering the Governor to call a special election to fill the newly created judgeships, and for a preliminary injunction restraining the Governor from filling the offices by appointment. The case was set for trial in a summary manner as to all points on July 31, 1970.
Prior to the hearing on July 30, 1970, the Governor authorized the issuance of commissions for the new judgeships which were issued that day. The Governor further issued an election proclamation, calling a special election for November 7, 1972, to fill the said offices. On July 31, 1970, a dilatory exception was filed on behalf of the Governor, alleging that the appointments had been made on July 30, 1970, and that the prayer for the injunction and demand for issuance of the writ of mandamus were moot. It further objected to the use of summary process in a declaratory judgment procedure. An answer was also filed, which reserved all rights under the dilatory exception of unauthorized use of summary procedure.
After the hearing, the trial court, for written reasons, overruled the dilatory exception, recalled the rules to show cause, and rendered judgment declaring Act 216 of 1970 to be constitutional and the appointments made pursuant thereto to be valid. From this judgment, plaintiffs have appealed to this court.
The defendant has waived his rights under the dilatory exception in this court and neither party questions the mootness of the prayer for injunctive relief.
The major question to be met in this case is whether or not the Legislature has the constitutional authority to designate the manner in which the new judge-ships are to be filled.
Article VII, Section 33 of the Constitution provides, in part, as follows:
“ * * * provided that, when in any judicial district of this state, the Legislature shall, in the manner prescribed by the Constitution, create one or more additional judge, such newly created judge or judges shall be elected at a special election called by the Governor for the first term which shall not extend beyond that of the other District Judge’s term in office. * * * ”
In the absence of other constitutional provisions which would prevail over the above, it would appear that those portions of Act 216 providing for filling the offices by appointment are in direct contravention of the above provisions.
*658 It is argued, however, that Article V, Section 11 of the Constitution confers on the Legislature the needed authority. The Article provides as follows:
“He shall nominate, and, by and with the advice and consent of the Senate, appoint all officers whose offices are established by this Constitution and whose appointment, or election, is not herein otherwise provided for; except that the Legislature may provide the mode of filling all offices created by it.”
If the judgeships in question are “offices created by” the Legislature, it would have such authority, and an apparent conflict would exist between the two constitutional provisions.
The question has not been heretofore considered as to judges, but in the case of State ex rel. Porterie v. Smith, 184 La. 263, 166 So. 72 (1935), the identical provision with respect to police jurors was considered by the Supreme Court. They said:
“No new offices are created by the act, simply incumbents of offices already existing are provided for.
The office of ‘police juror’ has been upon the statute books of this state for a hundred years. The act merely provides for the appointment and election of ‘additional police jurors.’ Neither the character of the office, nor the duties to be performed, is changed or affected in any manner by the new act.”
We think that the same theory applies to this case, that a new district judgeship is not an “office created by” the Legislature and that it was without authority to provide for the mode of filling a constitutional office in contravention of a specific constitutional provision.
We therefore find that those portions of Act 216 of 1970, and particularly Section 2 thereof, which provide for filling the newly created judgeships by appointment, to be unconstitutional.
However, assuming arguendo, that Article V, Section 11, makes no distinction between a statutory or constitutional office as it relates to the authority of the Legislature to “provide the mode of filling” such office, we nevertheless, hold that Article VII, Section 33 expressly provides for the election of judges to newly created district judgeships and must prevail. The language presently found in Article V, Section 11 has remained basically unchanged in each of our constitutions since that of 1812; whereas, Article VII, Section 33 has undergone significant changes.
The original article in the Constitution of 1921 contained no provisions with respect to the addition of newly created district judgeships. The article read as follows:
“District judges shall be elected by a plurality of the qualified voters of their respective districts, in which they shall have been actual residents for two years next preceding their election. They shall be learned in the law, and shall have practiced law in this State five years previous to their election. District judges under this Constitution shall be elected on the Tuesday after the First Monday in November, 1924, and every six years thereafter.”
Act No. 67 of 1936 amended the article to provide that newly created district judge-ships shall be filled by appointment by the Governor. After the amendment of 1936 the article read as follows:
“Election of judges — qualifications—District Judges shall be elected by a plurality of the qualified voters of their respective districts in which they shall have been actual residents for two years next preceding their election. They shall he learned in the law and shall have practiced law in the State of Louisiana five years previous to their election. They shall be elected at the time now prescribed by law, and every six years thereafter; provided that, when for any judicial district of this State, the Legislature shall, in the manner prescribed by the Constitu *659 tion, create one or more additional judges, such newly created judge or judges shall be appointed by the Governor for the first term, which shall not extend beyond that of the other district judges then in office. Thereafter, such judge or judges shall be elected at the time fixed by law for the election of district judges throughout the State of Louisiana.”
The appointing authority of the Governor was removed by Act No. 754 of 1954 which amended the article to read as hereinabove set forth.
It does not appear consistent nor logical to us to hold that the clear provisions of Article VII, Section 33 as amended by Act No. 754 of 1954, which deals specifically with the filling of the office of a newly created district judge, must yield to the general language contained in Article V, Section 11. The Act of 1954 had for its express purpose the requirement that additional district judgeships be filled by election. To hold that the Legislature under Article V, Section 11 still-reserved the right to prescribe the mode of filling the office is repugnant to the clear intent of the Act of 1954 and tends to nullify its own provisions which excepts from the Governor’s appointive power those offices whose appointment or election is otherwise provided for.
Lastly the appellants have sought an order of mandamus which would require the Governor to call a special election to fill the newly created judgeships. It is noted that the Governor has issued a call for such an election. While Article VII, Section 33 of the Constitution requires the Governor to call a special election the time of calling such an election is left entirely to his sound discretion. Neither the courts nor the Legislature have the power to interfere with discretion exercised in accordance with constitutional mandate and any attempt on the part of the Legislature to do so is also in contravention of Article VII, Section 33 and is unconstitutional.
Accordingly, for the above and foregoing reasons the judgment of the district court denying plaintiff’s prayer for injunc-tive relief and the issuance of a writ of mandamus is hereby affirmed; however, the judgment declaring Acts of 1970, No. 216 to be constitutional in its entirety is reversed and judgment is rendered herein declaring that portion of Section 2 of said Act providing that the additional judgeships shall be filled by appointment by the Governor and that portion of Section 3 directing the Governor to call a special election on the first Tuesday next following the first Monday of November, 1972 to be unconstitutional. In all other respects said Act is declared constitutional. All such costs in these proceedings as authorized by law shall be borne by defendant-appellee.
Affirmed in part, reversed in part and rendered.
Rehearing denied.
LOTTINGER, J., recused.