SARTAIN, Judge.
Act No. 236 of 1972 amended Subpart A of Part III of Chapter S of Title 13 of the Louisiana Revised Statutes of 1950 by adding thereto a new section, R.S. 13:1346, which establishes the Magistrate Section of the Criminal District Court for the Parish of Orleans and created one additional judgeship.
The initial term of office for the additional judge thereby created is for the pe *169 riod commencing September 1, 1972, and expiring December 31, 1982. The act authorizes the Governor to make an interim appointment to the office until the congressional elections of 1974, whereupon the office shall be filled by election.
Plaintiffs instituted this suit on August 31, 1972, for declaratory relief seeking to have the appointive portion of Act No. 236 of 1972 declared unconstitutional. They further sought a preliminary injunction prohibiting the Governor from making the appointment and a writ of mandamus directing the Governor to call an election to fill the newly created judgeship.
Robert F. Collins was appointed as Magistrate Judge and was administered the oath of office on August 31, 1972.
Numerous exceptions, including those of no cause and no right of actions, were filed by the Attorney General on behalf of the Governor. The trial judge overruled the exception of No Right of Action but sustained defendant’s exception of No Cause of Action and dismissed plaintiffs’ suit. It is from this judgment that plaintiffs appeal. We affirm.
The single issue for resolution is whether that portion of Act 236 which authorizes the Governor to make the interim appointment is constitutional.
Plaintiffs contend that the appointive provisions of the act violate Section 33 of Article 7 of the Louisiana Constitution of 1921, as amended, and cite Russell v. McKeithen, 239 So.2d 656 (1st La.App., 1970), affirmed 257 La. 225, 242 So.2d 229 (1970).
Defendant contends that the Criminal District Court for the Parish of Orleans is not a district court within the intendment of Article 7, Sec. 33 of the Constitution, but is a separate Criminal District Court for the Parish of Orleans created pursuant to Section 82 of the same article and that Section 87 authorizes the Legislature to allow the Governor to make the contested interim appointment.
The rules of construction of constitutional law imposes upon the court the duty to consider the whole instrument, if necessary, to ascertain the true intent of any particular provision, here Section 33, vis a vis Section 87 of Article 7. If there appears an apparent contradiction or inconsistency between different sections, they should be construed so as to permit each to stand and be given effect. Meyers v. Flourney, 209 La. 812, 25 So.2d 601 (1946); and Russell v. McKeithen, supra.
The “Judicial Department” of our state is provided for in Article 7 of the Constitution. Section 31, “. . . the Parish of Orleans excepted . . .”, creates thirty-one judicial district courts, Section 80 creates the Civil District Court for the Parish of Orleans, and Section 82 creates the Criminal District Court for the Parish of Orleans.
Section 33, relied upon by appellants, reads as follows:
“§ 33. District judges, election; residence, training, and experience qualifications; bar association membership
“Section 33. District Judges shall be elected by a plurality of the qualified voters of their respective districts in which they shall have been actual residents for two years next preceding their election. They shall be learned in the law, and shall have practiced law in the State of Louisiana five years previous to their election and shall be a member in good standing of the Louisiana State Bar Association. They shall he elected at the time now prescribed by law and every six years thereafter; provided that, when in any judicial district of this state, the Legislature shall, in the manner prescribed by the Constitution, create one or more additional jtidge, such newly created judge or judges shall be elected at a special election called by the Governor for the first term which shall not extend beyond that of the other District Judge’s term in office. Thereafter, such judge or judges shall be elected at the *170 time fixed by law for the election of District Judges throughout the State of Louisiana.” (Emphasis ours)
It is obvious to us that Section 33 relates to Section 31. The pertinent portion thereof declares:
“§ 31. Judicial districts
“Section 31. JUDICIAL DISTRICTS. (There shall be thirty-one judicial districts in the State, the Parish of Orleans excepted, and each district shall be composed as follows:)
H: * * * »
(Emphasis ours)
Our principal reason for so holding is that the sentence of Section 33 emphasized above relates to judges whose terms are for six years, i. e., all district judges in the state except the Parish of Orleans.
Sections 80 and 82 relating to the Civil District and Criminal District Courts of the Parish of Orleans, respectively, provide for judges with terms of twelve years.
Further, Section 87 of Article 7 states:
“§ 87. Change of provisions relating to criminal courts-
“Section 87. The Legislature may, after January 1st, 1924, by a two-thirds vote of all members elected to each house, change, alter or repeal any or all of the above provisions covering the criminal courts of the City of New Orleans and parish of Orleans.”
This section must be accepted for what it clearly states. It is a constitutionally sanctioned grant of authority to the legislature the power to “change, alter or repeal any or all of the above provisions” covering the Criminal District Court for the Parish of Orleans, which are Sections 82 through 86.
Section 33 was last amended by Act 754 of 1954 and adopted by the voters of this state on November 2, 1954. The basic change in Section 33 was to require the election of judges to fill newly created judgeships. It is significant to us that had it been the intention of the legislature to require the same for judges of the Criminal District Court for the Parish of Orleans, amendments to Sections 82 and 87 would also have been offered to the voters. This was not done and it naturally follows that it was the Legislature’s intention to have these sections remain unchanged.
Russell v. McKeithen, supra, cited by appellants, dealt solely with the appointment of District Judges outside of the Parish of Orleans to hold interim appointments for three newly created judgeships for the 19th Judicial District Court for the Parish of East Baton Rouge. Thus, the pronouncements made by us and affirmed by the Supreme Court are not applicable to the Criminal District Court for the Parish of Orleans. To hold otherwise would require that we read into Section 33 the requirement that additional judges for the Criminal District Court for the Parish of Orleans be provided for by special election and thereby ignore the clear import of Section 87.
Lastly, appellants argue that if Section 87 is permitted to stand as authority for the Governor to make this interim appointment, then said action violates the due process and equal protection clauses of our state and federal constitutions. Thus they contend that it is invidious discrimination to require the election of all other District Judges in the state and to permit the Governor in the case of the Criminal District Court for the Parish of Orleans to make an interim appointment. We must rej ect this contention.
 Our Constitution comprises that body of law which has been adopted by the people and expresses the limits and powers of those who are to govern. Accordingly, the Constitution should be interpreted to give effect to all of its provisions thereby assuring the people of this state that their wishes will be adhered to. Our Constitution and statutes are replete with provisions that either expressly exclude the Par *171 ish of Orleans or solely pertain to the Parish of Orleans to the exclusion of the rest of the state. This fact in itself does not render either the exclusionary constitutional provisions nugatory or such similarly phrased statutes unconstitutional. The' Constitution of Louisiana represents the collective thinking of all its people, including those of Orleans Parish. In the instant case they deemed it best to reserve unto the Legislature the authority to “change, alter or repeal” those provisions in the Constitution pertaining to the Criminal District Court for the Parish of Orleans. This authority is vested in the Legislature, not the Governor, and the wisdom or lack of it as to the appointment of interim judges is a matter that addresses itself to that body.
We see nothing in Section 87 of Article 7 of our Constitution that denies the plaintiffs any of their rights under the due process or equal protection clauses of the federal constitution.
Accordingly, for the above and foregoing reasons, the judgment of the District Court is affirmed at appellants’ costs.
Affirmed.