PER CURIAM.
The issue in this appeal is the constitutionality of Act No. 686 of 1975, insofar as that act extends the term of office of the District Attorney for the Parish of Orleans from May, 1978 to December 31, 1978.
La.Const.1921, Art. 7, § 89 fixed the term of the District Attorney for the Parish of Orleans at four years, although § 58 fixed the term of all of the other district attorneys in the state at six years.[1]
The term of the District Attorney for the Parish of Orleans was changed by La.Const. 1974, Art. 5, 26(A) which provides:
“In each judicial district a district attorney shall be elected for a term of six years. * * * ”
Subsequent to the effective date of the 1974 Constitution the Legislature enacted Act No. 686 of 1975, which amended and reenacted R.S. 16:1 to provide in part:
“A. In each judicial district and in the parish of Orleans a district attorney shall be elected for a term of six years, notwithstanding any provision of R.S. 16:71 to the contrary.
}ji $ * Sf! * ¡fc
“D. The term of the district attorney for the parish of Orleans in office on the effective date of this Section shall expire on December 31, 1978. His successor shall be elected at the same time as district attorneys throughout the state in 1978, and thereafter the successors to the office shall be elected at the same time as the district attorneys throughout the state.” (Emphasis supplied)
. Plaintiff first attacks Act 686 on the basis that the act conflicts with the mandate in the 1921 Constitution that this officer be elected for four years. Pointing out that the 1974 Constitution did not alter the term *480 of the current holder of that office and did not require that all district attorneys be elected at the same time, plaintiff argues that the term of that officer could not be extended by mere legislative act.
La.Const.1921, Art. 7, § 89 was continued in existence as a statute by the 1974 Constitution.[2] Therefore, at the time Act 686 was enacted, the provision of law under which the present district attorney was elected had been relegated to the status of a statute, subject to amendment by legislative act.
Furthermore, the act did not appoint a district attorney for the nine-month period in conflict with the election requirements of both Constitutions, but rather extended the term of the present officer. The Legislature may exercise any power not prohibited by the Constitution. Russell v. McKeithen, 257 La. 225, 242 So.2d 229 (La. 1970). Since this action by the Legislature is not prohibited by the Constitution, that body had the power to pass the act, as long as the act was within the bounds of other constitutional requirements.
Plaintiff also urges that Act 686 was local or special legislation, which was prohibited by the specific enumerations of La.Const. 1974, Art. 3, § 12(A)(1), or was at least required to be specially advertised by Art. 3, § 13.
Legislation is not local or special when the act applies to a class founded upon reasonable and proper classification. Knapp v. Jeiferson-Plaquemines Drainage Dist., 224 La. 105, 68 So.2d 774 (La.1953). Act 686 designated as a class all of the district attorneys whose terms were not six years and provided for all equal treatment to all members of the class. Furthermore, this class had been created by the 1921 Constitution, and the object of Act 686 was to eliminate, rather than create, a special class.
Moreover, one of the principal objectives of the Constitutional Convention of 1973 was to promote uniformity throughout the state. In including Art. 5, § 26, numerous delegates commented on this objective of uniformity. See 9 Verbatim Transcripts, La.Const.Conv. of 1973. Section A of Act 686 achieves the uniformity in length of terms mandated by the Constitution. Section D of Act 686, while not mandated by the Constitution, is a reasonable exercise of legislative power to achieve uniformity in the expiration date of these terms and in the time of election of district attorneys. Furthermore, but for Section D of Act 686 the term of the district attorney elected in Orleans Parish in 1978 would have expired in May, 1984, and a special election for that one office would have been required in that year, since the term of all other parish officials elected at the same time in 1978 remained at four years.
We hold that Act 686 was founded upon a reasonable classification and upon legitimate legislative purpose. The facts that only one person was included in that class and that the one person may have been incidently benefited do not make the Act a local or special law.
Plaintiff finally attacks Act 686 as an ex post facto law which violates La.Const.1974, Art. 1, § 23.
The ex post facto prohibition is one which relates exclusively to criminal or penal statutes. In re Craven, 178 La. 372,151 So. 625 (La.1933). The prohibition is therefore not applicable in this case.
The judgment is affirmed.
AFFIRMED.

. The time of the election for District Attorney of the Parish of Orleans was also different, being at the same time as the other parish officials rather than at the time of the Congressional elections, as was the election of all other district attorneys.

. La.Const. 1974, Art. 14, § 16(A) provides:
“(A) PROVISIONS CONTINUED AS STATUTES. Subject to change by law or as otherwise provided in this constitution, and except as any of them conflicts with this constitution, the following provisions of the Constitution of 1921 are continued as statutes, but restricted to the same effect as on the effective date of this constitution:
* * * * * *
“5. Article VII, Sections ... 89